# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| RAMONA I. MENNILLO | Case Number: 2:17-cr-00098-APG-NJK-1 |
| | USM Number: 54618-048 |
| | Fritz Joseph Scheller |
| | Defendant's Attorney |

**Date of Original Judgment:** 3/1/2019
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s) 1 of the Criminal Information
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail Fraud and Wire Fraud | 4/2012 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 11, 2019
Date of Imposition of Judgment

*/s/*
Signature of Judge

ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

April 11, 2019
Date

DEFENDANT: RAMONA I. MENNILLO
CASE NUMBER: 2:17-cr-00098-APG-NJK-1

# PROBATION

You are hereby sentenced to probation for a term of: 5 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☑ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: RAMONA I. MENNILLO
CASE NUMBER: 2:17-cr-00098-APG-NJK-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: RAMONA I. MENNILLO
CASE NUMBER: 2:17-cr-00098-APG-NJK-1

# SPECIAL CONDITIONS OF SUPERVISION

1. <u>Home Confinement with Location Monitoring</u> – You will be monitored by the form of location monitoring technology indicated below for the first 180 days, and you must follow the rules and regulations of the location monitoring program.

a) Location monitoring technology at the discretion of the probation officer.

b) You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer (Home Detention).

2. <u>Access to Financial Information</u> – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

3. <u>Debt Obligations</u> – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4. <u>Employment Discretion</u> – You must keep the Probation Office apprised of your employment. Employment will be at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision.

5. <u>No Contact</u> – You must not communicate, or otherwise interact, with co-conspirators, either directly or through someone else, without first obtaining the permission of the probation office.

6. <u>Search and Seizure</u> – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

7. <u>Community Service</u> – You must complete 200 hours of community service within 5 years. The probation officer will supervise the participation in the program by approving the program (agency, location, frequency of participation, etc.). You must provide written verification of completed hours to the probation officer.

DEFENDANT: RAMONA I. MENNILLO
CASE NUMBER: 2:17-cr-00098-APG-NJK-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ N/A | $ Waived | $ 839,138.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| (see attached payee list) | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RAMONA I. MENNILLO
CASE NUMBER: 2:17-cr-00098-APG-NJK-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ 839,238.00 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    Defendant shall pay restitution in the amount of $839,138.00, with interest to begin accruing after the 15th day from entry of judgment. It is recommended that any unpaid balance shall be paid at a rate of 10% of any gross income earned, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    (see attached stipulation)

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    (see attached forfeiture order)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Fritz Scheller, Esq.
Fritz Scheller, P.L.
Florida Bar Number: 183113
200 E. Robinson Street, Ste. 1150
Orlando, FL 32801
(407) 792-1285
fscheller@flusalaw.com
Counsel for Ramona I. Mennillo

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,　　　　　　CASE NUMBER: 2:17-cr-00098-APG-NJK

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　**STIPULATION RE RESTIUTION**

RAMONA I. MENNILLO,

　　　　Defendant.
_____/

　　　　Defendant, Ramona I. Mennillo, by and through her attorney of record, Fritz Scheller, Esq., and Plaintiff United States of America, by and through Nicholas A. Trutanich, United States Attorney, and Daniel Cowhig, Assistant United States Attorney, hereby submit the following stipulation concerning restitution to be made part of the Defendant's judgment and sentence in this case. In particular, the parties stipulate that the Defendant Ramona Mennillo is liable for a restitution amount of $839,138 to be made payable to the victims of her offense. Said restitution amount is to be joint and several with the following co-defendants: 1) Daniel Martin Boyar (Case No.: 2:17-cr-021-JCM-001); 2) Adam Manuel Younassoghlou (Case No.: 2:17-cr-021-JCM-002); 3) Lew Leilani (Case No.: 2:17-cr-021-JCM-003); 4) Barbara Stephanie Lizardo (Case No.: 2:17-cr-021-JCM-004); 5) Maribel Pagan (Case No.: 2:17-cr-021-JCM-005); 6) Tomasz Marciniak (Case No.: 2:17-cr-021-

JCM-006); 7) Susan M. Siegel (Case No.: 2:17-cr-021-JCM-007); 8) Britney Leighann Newman (Case No.: 2:17-cr-021-JCM-008); 9) Clinton Taylor Becker (Case No.: 2:16-cr-0110-001-JCM); 10) Ashley Diane Zambuto (Case No.: 2:16-cr-200-JCM-001; 11) Jessica Yvette Figueroa (Case No.: 2:16-cr-201-APG-001); 12) Dario Rafael Tejada (Case No.: 2:16-cr-214-GMN-001); 13) Harold Robert Pfrender Jr. (Case No.: 2:16-cr-335-JCM-001); 14) Paul Michael Marciniak (Case No.: 2:17-cr-014-JAD-001); 15) Tifany Torres (Case No.: 2:17-cr-048-KJD-001); 16) Robert Caputo (Case No.: 2:17-cr-078-KJD-001; 17) Lisa Gennett (Case No.: 2:17-cr-084-KJD0001); 18) Arantzazu Atorrasagasti (Case No.: 2:17-cr-089-APG-001); 19) Joshua A. Lorca (Case No.: 2:17-cr-093-KJD-001); and 20) David A. Lafrain (Case No.: 2:17-cr-109-JCM-001).

RESPECTFULLY SUBMITTED this April 5, 2019.

/s/ Daniel Cowhig
DANIEL COWHIG
Assistant United States Attorney


By: /s/ Fritz Scheller, Esq.
FRITZ SCHELLER, Esq.
Counsel for Defendant Mennillo


DATED: April 8, 2019

_____
ANDREW P. GORDON,
UNITED STATES DITRICT JUDGE



UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAMONA I. MENNILLO,

Defendant.

2:17-CR-098-APG-NJK

**Final Order of Forfeiture**

This Court found that Ramona I. Mennillo shall pay the in personam criminal forfeiture money judgment of $839,138 pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(8)(B); and 21 U.S.C. § 853(p). Criminal Information, ECF No. 8; Plea Agreement, ECF No. 10; Preliminary Order of Forfeiture, ECF No. 13; Arraignment and Plea, ECF No. 14.

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

To comply with *Honeycutt v. United States*, ___U.S.___, 137 S. Ct. 1626 (2017), the government reduced the in personam criminal forfeiture money judgment amount to $83,913.80.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from Ramona I. Mennillo the in personam criminal forfeiture money judgment of $83,913.80, not to be held jointly and severally liable with any codefendants and the collected money judgment amount between all codefendants is not to

///

exceed $3,300,000, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(8)(B); and 21 U.S.C. § 853(p).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED March 1, 2019.

_____
HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE